UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SOFPOOL LLC, a Limited
Liability Company,

                        NO. CIV. S-10-3333 LKK/JFM

      Plaintiff,

  v.

KMART CORPORATION, a
Michigan Corporation, and
BIG LOTS, INC., an Ohio              <u>O R D E R</u>
Corporation,

      Defendants.
_____/

    For the reasons stated below, the hearing in this matter, currently scheduled for May 21, 2012, will be vacated.

**I.  BACKGROUND**

    In its First Amended Complaint, plaintiff Sofpool, LLC, alleges that defendants Kmart Corp. and Big Lot Stores, Inc., infringed its design patent[1] for an oval, above-ground swimming

---

[1] "Design" patents are granted pursuant to 35 U.S.C. § 171: "Whoever invents any new, original and ornamental design for an

1

pool, U.S. Patent No. D480,817 S (the '817 claimed patent).[2] Specifically, plaintiff alleges that the "Summer Escapes" pool, sold by defendants, infringes the patent. In its Answer and Counterclaim, Kmart denies that it infringed the '817 claimed patent. It also asserts that the '817 claimed patent is invalid under 35 U.S.C. §§ 102 ("novelty"), 103 ("non-obvious subject matter"),[3] and 112 ("specification").

Plaintiff has now moved for summary judgment that defendants have infringed its patent, and that the patent itself is "non-obvious." Defendants have cross-moved for summary judgment that they have not infringed the patent, and that the patent itself is invalid because it was "obvious" in light of the prior art.

**II. THE '817 DESIGN PATENT**

Plaintiff's Claim for the '817 claimed patent is as follows,

---

article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title. [¶] The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided." In contrast, "utility" patents are granted pursuant to 35 U.S.C. § 101 ("Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title"). See Int'l Seaway Trading Corp. V. Walgreens Corp., 589 F.3d 1233, 1238 (Fed. Cir. 2009) (comparing requirements for design versus utility patents).

[2] Infringement of design patents is prohibited by 35 U.S.C. §§ 271 ("infringement of patent") and 289 ("additional remedy for infringement of design patent").

[3] "A patent may not be obtained ... if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a).

2

in its entirety: "The design for an above-ground swimming pool, as shown and described," followed by eleven (11) drawings which depict three "embodiments" of the patent. Complaint (Dkt. No 1) Exh. A.[4]

## III. ANALYSIS

The court is aware that "design patents are typically claimed according to their drawings." Richardson v. Stanley Works, Inc., 597 F.3d 1288, 1294 (Fed. Cir. 2010). However, it is also the case that "trial courts have a duty to conduct claim construction in design patent cases, as in utility patent cases." Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 679 (Fed. Cir. 2008) (en banc). In a design patent case, the "claim construction must be adapted to a pictorial setting." Richardson, 597 F.3d at 1294.

It is the court's understanding that the design patent covers only the ornamental aspects of the design, not the functional aspects. See Richardson, 597 F.3d at 1294 ("we have made clear that a design patent, unlike a utility patent, limits protection to the ornamental design of the article"). Accordingly, in construing the '817 claimed patent, this court is required to factor out the "functional aspects" of the design. See Richardson, 597 F.3d at

---

[4] The patent does not expressly limit the claim to the "ornamental" design. However, by law, the design patent only covers the ornamental aspects of the design, so its omission of that language would appear to make no difference. See Richardson v. Stanley Works, Inc., 597 F.3d 1288, 1293 (Fed. Cir. 2010) ("The district court here properly factored out the functional aspects of Richardson's design as part of its claim construction. By definition, the patented design is for a multi-function tool that has several functional components, and we have made clear that a design patent, unlike a utility patent, limits protection to the ornamental design of the article").

3

1293 ("The district court here properly factored out the functional aspects of Richardson's design as part of its claim construction").

However, neither side in this case has offered a construction of the '817 claimed patent to assist the court in determining how to construe the patent. Such assistance would help the court understand which aspects of the '817 claimed patent are ornamental, and which are functional. In this regard, the ornamental versus functional issues that come immediately to mind are the oval shape, the struts along the sides, the bulges along the sides, the sidewall angles, the tubular top, and the segmented appearance of the claimed design. This assistance would also help the court understand what appear to be technical aspects of the drawings, such as the meaning, if any, of the lines or hatch-marks that ring the inside and outside of the design (as well as whether they depict functional or ornamental aspects of the design).[5] As it stands, the parties have, in essence, invited the court to guess at

---

[5] Egyptian Goddess provided some guidance on this:

> a trial court can usefully guide the finder of fact by addressing a number of other issues that bear on the scope of the claim. Those include such matters as describing the role of particular conventions in design patent drafting, such as the role of broken lines; assessing and describing the effect of any representations that may have been made in the course of the prosecution history; and distinguishing between those features of the claimed design that are ornamental and those that are purely functional.

Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 680 (Fed. Cir. 2008).

these matters, but the court declines the invitation.

**IV. CONCLUSION**

For the foregoing reasons:

1. The hearing on these motions, currently scheduled for May 21, 2012, is hereby **VACATED**.

2. Plaintiff shall, no later than June 4, 2012, submit a supplemental memorandum "highlight[ing] the ornamental aspects" of the '817 claimed patent and identifying which aspects of the design patent drawings depict functional aspects of the design.[6] The court is not requesting a lengthy or detailed opus, but simply a guide which the court can use in interpreting the drawings in the '817 claimed patent.

3. Defendant shall, no later than June 18, 2012, either (1) file a statement that it has no objection to the claim construction offered by plaintiff and requesting this motion to be restored to the calendar, or (2) notice a claim construction ("<u>Markman</u>")[7] hearing in accordance with the court's local rules governing noticed motions.

IT IS SO ORDERED.

DATED:  May 15, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[6] <u>Richardson</u>, 597 F.3d at 1294 ("the purpose of the [district court's] claim construction was simply to highlight the ornamental aspects of Richardson's design").

[7] <u>See</u> <u>Markman v. Westview Instruments</u>, 517 U.S. 370 (1996).

5